# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America <br> v. <br> Tyquerrious Ford <br> Date of Original Judgment: 05/10/2023 <br> Date of Previous Amended Judgment: N/A <br> *(Use Date of Last Amended Judgment if Any)* | Case No:  4:22-CR-0018-001 <br> USM No:  18593-510 <br> Jennifer A. Curry <br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☐ the defendant  ☐ the Director of the Bureau of Prisons  ☒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of ____60____ months **is reduced to** ____54 months____ .

At the time he was sentenced, Tyquerrious Ford's criminal history subtotal was three (3). As he was under a criminal justice sentence at the time he committed the instant offense, two (2) points were added, yielding a total score of five (5). This resulted in a Criminal History Category of III. However, retroactive Amendment 821, Part A of the United States Sentencing Guidelines allows defendants with seven (7) or more criminal history points to receive one (1) point for being under a criminal justice sentence rather than two (2). Defendants with fewer than seven (7) criminal history points do not receive any additional points. Therefore, Ford would not receive any additional points for being under a criminal justice sentence under the amended guidelines. Consequently, his total criminal history score would be three (3), his Criminal History Category would be II, and his guideline sentencing range would be 51 to 63 months.

A comparable sentence from the amended guideline sentencing range would result in a sentence of fifty-four (54) months imprisonment. The government concurs that the defendant is eligible for sentence reduction and recommends a sentence of 54 months. Therefore, the sentence is reduced by 6 months, which results in a new imprisonment sentence of 54 months. This sentence should similarly run concurrently to any sentence he will serve in Muscogee County Superior Court Case SU-2018-CR-0216.

Except as otherwise provided, all provisions of the judgment dated ____05/10/2023____ shall remain in effect.
**IT IS SO ORDERED**.

| | |
|---|---|
| Order Date:  3/22/2024 | S/Clay D. Land <br> *Judge's signature* |
| Effective Date: _____ <br> *(if different from order date)* | Clay D. Land, U.S. District Judge <br> *Printed name and title* |

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Tyquerrious Ford
CASE NUMBER: 4:22-CR-0018-001
DISTRICT: Middle Georgia

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | |
|---|---|
| Previous Total Offense Level: 23 | New Total Offense Level: 23 |
| Criminal History Category: III | Amended Criminal History Category: II |
| Previous Guideline Range: 57 to 71 months | Amended Guideline Range: 51 to 63 months |

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. ADDITIONAL COMMENTS